NOT DESIGNATED FOR PUBLICATION

No. 121,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CEDRIC EUGENE HOOPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Cedric Hooper appeals the trial court's decision to revoke his probation and impose his original sentence. We granted Hooper's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded and asked that we affirm the trial court's judgment.

On appeal, Hooper maintains that the trial court erred when it failed to give him another opportunity on probation.

On August 2, 2018, Hooper pled guilty to one count of aggravated assault. On November 1, 2018, the trial court sentenced Hooper to 27 months in prison. Following

1

the parties' plea agreement, the court instead ordered Hooper to serve a 24-month probation term with community corrections.

On November 20, 2018, the State moved to revoke Hooper's probation. The motion alleged that Hooper had violated his probation in the following ways: He changed residential addresses without obtaining permission from his intensive supervision officer (ISO), he failed to report to the Batterer's Intervention Program as directed, he failed to report to substance abuse treatment after being placed on probation, he failed to provide his ISO with a new mailing address, he provided his ISO with the victim's phone number instead of his own, he failed to report to community corrections, and he absconded from supervision as he kept avoiding contact with treatment providers and community corrections personnel.

At the probation violation hearing on April 12, 2019, Hooper pleaded no contest to several of the allegations in the State's motion to revoke—challenging only the assertion that he absconded from supervision. The trial court accepted Hooper's pleas and found that he had violated his probation. Instead of imposing an intermediate sanction, the court revoked Hooper's probation under K.S.A. 2018 Supp. 22-3716(c)(9)(A) and ordered him to serve his original 27-month prison sentence. In revoking his probation, the trial court stated:

> "[Hooper] never reported to [his] probation officer when [he was] placed on probation[,] and [his] conduct just indicates that [he's] a danger to the community based upon [his] prior record and commission of the crimes that [he's] been committing. So, the court is going to revoke [his] probation.
>       . . . .
>       ". . . He did not report to the batterer intervention program, could not complete that; did not complete the substance abuse program; moved; and he has not reported at all since being placed on probation. It just does not appear that a sanction is going to be in the best interests of this defendant.

2

"So, because of that and the public safety concerns, the court is not going to give him a sanction but is going to revoke his probation."

Hooper timely appeals the trial court's decision.

In his motion for summary disposition, Hooper contends that the trial court abused its discretion in revoking his probation. Specifically, he argues that the trial court erred in not imposing one of the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716(c)(1). Nevertheless, Hooper concedes that the court can bypass imposing intermediate sanctions when the court finds there is a danger to public safety or an offender's welfare will not be served by such sanction.

K.S.A. 2018 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. Generally, once evidence of a probation violation is established, the decision to revoke probation rests in the trial court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A trial court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Under K.S.A. 2018 Supp. 22-3716(c)(9)(A), a trial court can circumvent any intermediate sanctions and impose an original sentence if it finds that the public safety will be jeopardized or if the offender's welfare will not be served by intermediate sanctions. In invoking K.S.A. 2018 Supp. 22-3716(c)(9)(A), a trial court must make particularized findings on the record—in other words, findings that are distinct and have an exactitude of detail. See *State v. Clapp*, 308 Kan. 976, 989-90, 425 P.3d 605 (2018). If

a trial court fails to make such particularized findings, it commits reversible error. 308 Kan. at 990-91.

Here, we note that Hooper is not challenging the adequacy of the trial court's public safety findings. Nor does he argue that the trial court's findings were insufficient under K.S.A. 2018 Supp. 22-3716(c)(9)(A). Thus, he simply challenges whether the trial court should have given him another chance on probation.

The trial court vividly illustrated why Hooper did not deserve another opportunity on probation. For instance, Hooper's conviction in the case before us (18CR166) was for aggravated domestic battery. His probation revocation hearing was a combined hearing on that conviction and sentencing in another case (18CR210) in which he was convicted of aggravated battery. In 18CR166, he was criminal history C. For 18CR210, he was criminal history A. In colloquy with Hooper during the revocation hearing, the trial court noted that he had 37 convictions, with 8 occurring after he was released from prison. The prosecutor then recounted the factual basis for 18CR210, i.e., "that law enforcement was called . . . because Hooper had held a knife to the victim's neck and the officer saw an approximately two-inch long scratch on the right side of her neck which is where the knife had been held." The court then first sentenced Hooper to a 32-month prison term in 18CR210 and denied his motion for a dispositional departure to probation. Then the court revoked the probation in 18CR166 "based upon a public safety issue on that matter and concern about the crimes of violence that you've committed." Clearly, the trial court did not abuse its discretion when it ruled that Hooper did not deserve another chance on probation. Thus, we affirm.

Affirmed.